532 F.2d 1054
 UNITED STATES of America, Plaintiff-Appellee,
v.
Wayne Maurice JAMES, a/k/a Offaga Quaddus, Ann Lockhart,
a/k/a Tomu Sana, Robert Charles Allen Stalling, a/k/a
Brother Black, Toni Rene Austin, a/k/a Njeri Quaddus, Thomas
Edward Norman, a/k/a Hekima Ana, Dennis Paul Shillingford,
Richard Bullock Henry, a/k/a Imari Abubakari Obedele,
Defendants-Appellants.
 No. 73-3383.
 United States Court of Appeals,
Fifth Circuit.
 June 7, 1976.
 
 1
 Robert Hauberg, U. S. Atty., James B. Tucker, Daniel E. Lynn, Asst. U. S. Attys., Jackson, Miss., Timothy J. Wilson, Atty., Dept. of Justice, Washington, D. C., for plaintiff-appellee.
 
 
 2
 Jack H. Young, Jr., Jackson, Miss. (Court-appointed), for Austin.
 
 
 3
 Fred L. Banks, Jr., Jackson, Miss. (Court-appointed), for Stalling.
 
 
 4
 Hermel Johnson, Jackson, Miss. (Court-appointed), for James.
 
 
 5
 Raymond E. Willis, Detroit, Mich. (Court-appointed), for Henry.
 
 
 6
 George M. Strickler, New Orleans, La. (Court-appointed), for Shillingford.
 
 
 7
 Firnist Alexander, Jackson, Miss. (Court-appointed), for Norman.
 
 
 8
 Constance Iona Slaughter, Forest, Miss. (Court-appointed), for Lockhart.
 
 
 9
 William H. Allison, Jr., Louisville, Ky., for defendants-appellants.
 
 
 10
 ON PETITIONS FOR REHEARING AND PETITIONS FOR REHEARING EN BANC
 
 
 11
 (Opinion March 19, 1976, 5 Cir., 1976, 528 F.2d 999).
 
 
 12
 Before WISDOM, Circuit Judge and BREWSTER, District Judge.*
 
 BREWSTER, District Judge:
 
 13
 Motions for rehearing and for rehearing en banc have been filed by appellants, Henry, Stalling, Austin, Norman and Shillingford.
 
 
 14
 No member of the panel nor Judge in regular service on the Court has requested that the Court be polled on an en banc hearing, and the motions therefor are denied.
 
 
 15
 Some of the motions for rehearing complain that Judge Bell did not participate in the decision of this case.[1] A dated notation in Judge Bell's own handwriting, initialed by him, on a Xerox copy of the final typewritten draft of the opinion herein, circulated among members of the panel while Judge Bell was still a member of the Court, shows that he did participate and concur in such opinion before his resignation became effective.
 
 
 16
 One of the chief complaints in the motions for rehearing is about our failure to recognize judicially that the Republic of New Africa is an independent nation with sovereignty over Mississippi and four of our other southern states. We find nothing in the long dissertation which persuades us to change our holding that appellants' claims in regard thereto are frivolous.
 
 
 17
 Appellants claim that we ignored their contentions which were not discussed in the opinion. All of appellants' contentions were studied and seriously considered, regardless of whether they were discussed by us.
 
 
 18
 We add the recent case, McGeehan v. Wainwright, 5 Cir., 526 F.2d 397 (1976), to the list of authorities cited in the original opinion in support of our holding that the searches and seizures under attack were valid in view of the reasonable belief of the officers that persons named in arrest warrants held by them were in the buildings searched and of the exigent circumstances.
 
 
 19
 The motions for rehearing are overruled, and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petitions for Rehearing En Banc are denied.
 
 
 
 *
 Circuit Judge BELL was a member of the original panel but resigned from the Court on March 1, 1976 and, therefore, did not participate in this decision
 
 
 [1]
 "The decision in the within case was arrived at by but two of three assigned Justices, it appearing that Justice Bell resigned his office almost three weeks prior to the announcement of the opinion." Supplement to Motion for Rehearing of Appellant Henry